THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNICARE LIFE & HEALTH
INSURANCE COMPANY,

     Plaintiff,

v.                                    CASE NO. 1:11-cv-61-SPM-GRJ

CONNIE GALVAN and CHERYL
ANN MORGAN,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The matter is before the Court on Plaintiff's Unopposed Motion For Default Judgment Against Defendant Connie Galvan And Motion To Deposit Funds And Be Discharged From Case. (Doc. 8.) Plaintiff requests the Court to enter a default judgment against Connie Galvan – one of the claimants to the insurance policy – because she has failed to respond to the interpleader complaint and that the Court authorize Plaintiff to deposit the insurance proceeds in the registry of the Court and then be discharged from this action. For the reasons discussed below Plaintiff's motion is due to be granted.

## I.  DISCUSSION

Plaintiff, Unicare Life & Health Insurance Company ("Unicare") brought this interpleader action under Rule 22 of the Federal Rules of Civil Procedure as a disinterested stakeholder seeking to require Defendants Connie Galvan and Cheryl Ann Morgan (the "claimants") to litigate their rights to a life insurance policy providing a death benefit in the amount of $44,000.00. (Doc. 1.) Jurisdiction is founded upon

federal question jurisdiction on the grounds that the insurance policy at issue is part of an employee welfare benefit plan and therefore arises under the Employee Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001-1461 ("ERISA.")

## A.  Motion For Entry of Default And Default Judgment Against Connie Galvan

Pursuant to Rule 55(a) and (b) Plaintiff requests the Court to enter a default[1] and default judgment against Connie Galvan ("Galvan") because she has failed to file a response to the Complaint and the time for doing so has passed.

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint and the Court may take into account affidavits and such other evidence as it deems necessary. Further, "[T]he court may conduct hearings or make referrals ... when to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."[2] However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.[3]  Rule 55 may be used, as here, by an interpleading stakeholder where a claimant, who has been properly served, has failed to file a response.[4]

Claimant Galvan was served with the summons and complaint on April 18, 2011.

---

[1] On July 11, 2011 the Clerk entered a default against Connie Galvan. (Doc. 9.)

[2] F.R.Civ.P. 55(b)(2).

[3] S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13(11th Cir. 2005.)

[4] Seibels, Bruc & Co. V. Nicke, 168 F.R.D. 546, 548 (M.D.N.C. 1996); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10 *Federal Practice and Procedure* § 2701, at 541-42 (1983).

(Doc. 4.) Claimant Cheryl Ann Morgan filed an answer to the Complaint For Interpleader on May 25, 2011 (Doc. 6) asserting that she is the only beneficiary to the subject policy. Claimant Galvan, however, has failed to file a response to the Complaint For Interpleader and the time for doing so has long since passed.

Because Claimant Galvan has failed to file a response to the Complaint it is appropriate to enter a judgment by default against her. However, because this case is an action for interpleader, and not a claim for damages, the Plaintiff has not requested affirmative relief against Defendant Galvan but only that the Court permit Plaintiff to interplead the insurance proceeds into the registry of the Court and be released from liability.  Therefore, a default judgment is due to be entered in favor of Plaintiff and against Defendant Galvan on Plaintiff's Complaint for Interpleader. Defendant Galvan's claim to the interpled funds should be dismissed and Galvan should not be permitted to interpose a claim to the funds Plaintiff seeks to deposit into the Court's registry.

**B.  Motion To Deposit Funds And Be Released From Liability**

Plaintiff also requests permission to deposit into the Court's registry the remaining proceeds in the sum of $22,000.00, plus any applicable interest. Plaintiff represents that claimant Cheryl Morgan is not opposed to this request.

As alleged in the Complaint, Plaintiff issued an insurance policy to Ford Motor Company providing life and accidental death and dismemberment coverage to eligible employees of Ford. Terry Morgan, the decedent, was employed by Ford and during his employment enrolled for coverage under the policy and became eligible for coverage under the policy. The death benefit of the policy is $44,000.00.

At the time of Terry Morgan's death the policy beneficiaries were listed as

Defendant Cheryl Ann Morgan and Defendant Galvan. The beneficiary designation is unclear as to whether both Cheryl Morgan and Galvan are co-beneficiaries or whether Defendant Cheryl Ann Morgan is the primary beneficiary and Defendant Galvan is the contingent beneficiary.

Plaintiff received a claim from Defendant Cheryl Morgan on August 18, 2010 and claims from Defendant Galvan on September 2 and 8, 2010. Plaintiff paid $22,000.00 of the death benefit to Defendant Cheryl Morgan. Defendant Cheryl Morgan claims the entire death benefit. Defendant Galvan claims that she is entitled to 50% of the death benefit and therefore claims she is entitled to the remaining $22,000.00 in death benefits.  Accordingly, the Plaintiff is an innocent stakeholder who is unable to determine whether Defendant Galvan or Defendant Cheryl Morgan is entitled to the remaining $22,000.00.

The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund.[5]  Accordingly, the interpleader statutes and rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[6]

The Plaintiff has shown that the Defendants filed competing claims to the remaining $22,000.00. Although it is presently clear that Defendant Cheryl Morgan's claim to the remaining the monies will be meritorious in view of the default against Defendant Galvan, the Plaintiff, nonetheless, has the right to file action in interpleader

---

[5] *See, e.g.* <u>Matter of Bohart</u>, 743 F.2d 313, 324 (5th Cir. 1984).

[6] <u>Id.</u> at 325 (internal quotation and citation omitted).

to avoid the vexation and expense of resisting competing claims.[7]

Accordingly, upon due consideration, Plaintiff's Unopposed Motion  To Deposit Funds is due to be granted. Unicare Life & Health Insurance Company is authorized to deposit the remaining proceeds in the amount of $22,000.00, plus interest of group life insurance policy number no. GI-17-GCC, which insured the Decedent, Terry Morgan, into the Court registry by check payable to the Clerk of the United States District Court delivered to the Clerk's Office of the Gainesville Division. The sum will remain in the Court's registry until disbursed pursuant to the final judgment of this Court.

Further, where, as here, the Court has found that a proper interpleader action has been instituted by a disinterested stakeholder, the disinterested stakeholder should be dismissed from the lawsuit and discharged from liability once it has deposited the funds into the Court registry.[8]

Here, Unicare is a disinterested stakeholder because it does not claim any interest in the remaining proceeds of the insurance policy. Further, Unicare does not know the rightful owner of the remaining proceeds, which are subject to the conflicting claims of the claimants. Therefore, after Unicare has deposited the remaining proceeds into the Court registry it will have fulfilled its obligations and should be dismissed from

---

[7] *See,* Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940)("It is our opinion that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims, even though he believes that only one of them is meritorious.").

[8] Southtrust Bank of Fla., N.A. v. Wilson, 971 F.Supp. 539, 542 (M.D. Fla. 1997); Kurland v. United States, 919 F.Supp. 419, 421 (M.D. Fla. 1996).

the action and discharged from all further liability relating to the remaining proceeds.[9]

## II. RECOMMENDATION

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that:

(1)   Plaintiff's Unopposed Motion For Default Judgment Against Defendant Connie Galvan And Motion To Deposit Funds And Be Discharged From Case (Doc. 8) should be **GRANTED**.

(2)   The Clerk should be directed to enter a default judgment against Connie Galvan foreclosing any claim she may have to the remaining proceeds to be deposited into the Court's registry.

(3) Unicare should be ordered to deposit the remaining proceeds of $22,000.00, plus any applicable interest, into the Court's registry within fourteen (14) days of the date of the Court's Order adopting this report and recommendation.

(3)   The Defendants, Connie Galvan and Cheryl Ann Morgan, their officers, agents, servants, and attorneys and those in active concert or participation with them who receive actual notice of the Court's Order should be enjoined from instituting any action or actions in any court against Unicare arising out of or relating to any claim or claims with respect to the rights to and proceeds under group policy no GI-17-GCC, which insured the Decedent, Terry Morgan.

(4)  Unicare should be fully and finally discharged from all further liability as to any and all claims for the remaining proceeds under group policy no GI-17-GCC and

---

[9] Although Unicare would be entitled to an award of costs and attorney's fees – *see, e.g.* Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976("as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder.") – Unicare advises that it is not seeking attorney's fees for having commenced this action. (Doc. 8, p. 5.)

interest thereon and should be dismissed from this action after it deposits the remaining proceeds of $22,000.00, plus applicable interest, into the Court's registry.

(5)   The Clerk should be directed to disburse the remaining proceeds of $22,000.00, plus applicable interest, to Defendant Cheryl Ann Morgan after the funds are deposited into the Court's registry and upon the filing of a motion by Defendant Cheryl Ann Morgan requesting disbursement to her of the funds in the Court's registry.

**IN CHAMBERS** in Gainesville, Florida this 15th day of July 2011.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.